## VIRGINIA V. DUNLAP, EXECUTRIX, *v.* A. Q. CLAY.

ATTACHMENT.    *Affidavit.    Sufficiency of oath.    Case in judgment.*

K., agent of D., appeared before a justice of the peace, and, in the presence of the latter, an affidavit for attachment, in due form, was read to him; and he was asked by the justice if he swore to the same, and he replied that he did, "but did not hold up his hand and swear;" and the affidavit was not subscribed by K., nor the jurat thereto signed by the justice of the peace, though both thought everything had been done which was necessary to perfect the affidavit. *Held,* that the oath was sufficiently formal and the affidavit valid.

APPEAL from the Circuit Court of Nenton County.

HON. A. G. MAYERS, Judge.

Virginia V. Dunlap, executrix of the last will and testament of D. R. Dunlap, deceased, sued out an attachment against A. Q. Clay. The defendant moved to dismiss the attachment " for want of affidavit." The paper which purported to be the affidavit upon which the attachment was based was in the usual form, except that it was not subscribed by the affiant mentioned therein, and the jurat thereto was not signed by the justice of the peace before whom the affidavit was made, as therein stated. The testimony of the justice of the peace and of J. V. Knight, who was mentioned in the affidavit as the affiant therein, (and there was no other testimony concerning the affidavit) showed that the affidavit was read to Knight, agent of the plaintiff in attachment, in the presence of the justice of the peace, then handed to the latter, who said to Knight will you swear to this paper, and Knight answered that he would, " but did not hold up his hand and swear." The evidence of both these witnesses was to the effect that they thought everything was done that was necessary to make the oath binding; and that by mistake the attachment bond only, and not the affidavit was signed by Knight, both being printed on the same sheet of paper, though the agent thought he had signed the affidavit. The justice of the peace failed to sign the jurat to the affidavit because of the same mistake.

The court rendered a judgment sustaining the defendant's motion and dismissing the attachment proceedings. Thereupon, the plaintiff appealed to this court.

*S. B. Watts*, for the appellant.

The signature of Knight, the affiant, was not necessary to the validity of the affidavit. *Coppock* v. *Smith*, 54 Miss., 640; *Brooks* v. *Snead*, 50 Miss., 416; *Redus* v. *Wofford*, 4 S. & M., 591.

The testimony of Harris, the justice of the peace, shows that his failure to sign the jurat was merely an oversight; that he considered the necessary oath had been made, though Knight " did not hold up his hand and swear."

No counsel for the appellee in this court.

COOPER, C. J., delivered the opinion of the Court. .

It was not necessary that the agent of plaintiff should " hold up his hand and swear," to make his act an oath to the truth of the matters set out for grounds of attachment.

The affiant and the officer both understood that what was done was all that was necessary to complete the oath, and what was done was sufficiently formal.

Wharton on Criminal Law, Sec. 2205.

*The judgment is reversed, the motion to quash overruled and cause remanded.*