SAVOIE, Judge.
This is a suit brought by plaintiffs, Annie A. Smart, Lenora R. Jackson, and Leola S. Jackson against defendant, Gordon Curry, objecting to the candidacy of defendant Curry for the office of East Baton Rouge Parish Councilman, Metropolitan District 10. At trial, the district court granted the defendant’s motion for a directed verdict at the close of the plaintiffs’ case. Plaintiffs have appealed that judgment pursuant to La.R.S. ^^(«(D).[1]
Gordon Curry filed a Notice of Candidacy on July 16, 1984, in which he stated he would be a candidate for election to the office of Councilman, Metropolitan District 10. Defendant Curry listed his address as 2045 Riverside North, Apt. 318, Baton Rouge, LA 70802. He also stated he was a qualified elector of Ward 1, Precinct 17 of the Parish of East Baton Rouge, the correct precinct for the residence given. He was actually registered in Ward 1, Precinct 4, the correct ward and precinct for his former residence. On July 25, 1984, defendant changed his voter registration to reflect the above adress. Plaintiffs filed their petition objecting to defendant’s candidacy on July 30, 1984 at 3:49 P.M. Qualifying for this particular election closed on July 20, 1984. Therefore, plaintiffs’ suit was timely filed under R.S. 18:1405(A).[2] At the trial, it was proven that defendant *632 Curry, at the time he completed his notice of candidacy, was, in fact, registered to vote in Ward 1, Precinct 4 of East Baton Rouge Parish. The plaintiffs argue that because of this nonconformity, defendant should be disqualified as a candidate for East Baton Rouge Parish Councilman, Metropolitan District 10.
At the outset, it is interesting to note that both Precinct 4 and Precinct 17 of Ward 1 in East Baton Rouge Parish are in Metropolitan District 10 of the City-Parish Council apportionment. La.R.S. 18:463 (which requires a candidate to state the “parish, ward and precinct where he is registered to vote”) also requires that the candidate state “the office he seeks.” Undoubtedly, the purpose of the notice of candidacy requiring a statement of “parish, ward and precinct” is to prohibit absentee representation, i.e., representation by a non-elector of the district represented. Since both of defendant’s places of registration are within District 10, the upholding of the candidacy by the trial court did not thwart the intent of the law.
In Roe v. Picou, 361 So.2d 874 (La.1978), the Supreme Court dealt with an objection to candidacy in a school board election. There the defendant candidate had listed the incorrect ward number of the position he sought. Prior to the qualifying period, a federal court decree had placed a different apportionment scheme for school board positions than other parish positions. Because of this, the defendant erroneously listed the incorrect ward number for his position. The district court had found Pi-cou not qualified, and the court of appeal affirmed. However, the Supreme Court reversed. The Court stated “we reject any disqualification of a candidate because of technical alleged inadequacies in the description of the office sought, where both the candidate and his opponent were clearly aware of his intent to qualify for the office he sought, which was described with sufficient particularity as unmistakably to designate it as the sole position available for candidacy to a resident of Belle Chase, such as relator described himself.” 361 So.2d at 878.
In the present case, it is clear from the notice of candidacy which office the defendant seeks.[3] Under either voting registration, defendant is qualified to run for Councilman District 10. Our inquiry in this matter is whether the fact that the defendant failed to change his voter registration to reflect his new address prior to his notice of candidacy is a technical inadequacy within the meaning of Roe v. Picou. We hold that it is.
In support of this holding we cite the language of Roe v. Picou;
“In similarly rejecting technical objections to the sufficiency of a notice of candidacy, we stated long ago that the election laws do not ‘indicate that it was the purpose of the law makers to obstruct with mere technical difficulties, the exercise of the right, which every citizen has, to seek the approval of his political associates, or of the public at large. To the contrary, the whole spirit of the legislation is to encourage the multiplication of worthy candidates for nominations to public office, in order that the body of voters constituting a political party, or constituting the electorate at large, may have the benefit of a choice, and not be compelled to accept candidates chosen by the minority or thrust upon them in some other way.’ ” Langridge v. Dauenhauer, 120 La. 450, 452-53, 45 So. 387, 388 (1908).
Objective examination of the facts of this case in the light of the above language mandates a holding in favor of defendant’s candidacy. We hold that under the facts of this case, placing of the precinct in which defendant subsequently registered on the notice of candidacy was a technical inadequacy which does not disqualify defendant from the office he seeks.
*633 Plaintiff also argues that the trial judge erred when plaintiff was not allowed to file a supplemental and amending petition at the beginning of the hearing.[4] The amending petition attempted to add two paragraphs to the original petition. These paragraphs alleged new grounds for disqualification which were not factually supported by the original petition.
La.R.S. 18:1406(B) states in part: “The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice.” In denying the motion to allow the filing of the amending petition, the trial judge stated, “the specific statute dealing with the petition in this case, Paragraph B of Section 1406, provides that the petition shall set forth in specific detail the facts upon which the objection or contest is based. Article 18:492 provides the grounds for an objection to candidacy. The grounds which you raise in the original petition are those shown in ground one. Grounds which are listed in the amending petition are separate grounds under the same statute.”
We find no abuse of discretion under La.R.S. 18:1406(B) for the trial court to deny leave to file the amending petition. Plaintiff argues that since the defendant was served with the original petition, he was put on notice that his candidacy was being challenged. Further, plaintiff argues that since defendant was on notice, he should be prepared for an attack objecting to his candidacy based on any ground. In the instant case the original petition stated the defendant was being challenged for putting the incorrect precinct number on his notice of candidacy [i.e. he had “failed to qualify for the primary election in the manner prescribed by law”, La.R.S. 18:492(1)]. Then, on the day before the trial of this case, defendant was served with improperly filed papers alleging he was being challenged because he did not “meet the qualifications for the office he seeks in the primary election.” La.R.S. 18:492(3). The trial judge apparently felt that it would be improper to expect defendant to prepare a defense in that short time period, and in his discretion denied plaintiff leave to file his amended petition. We do not find this to be an abuse of discretion.
For the foregoing reasons, the action of the trial court in granting defendant’s motion for a directed verdict is affirmed. Plaintiffs are to pay all costs.
AFFIRMED.

. La.R.S. 18:1409
D. Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed five days after rendition of judgment.

. La.R.S. 18:1405
A. An action objecting to candidacy shall be instituted within ten days after the close of qualifications for candidates in the primary election or within ten days after the defendant filed notice of his candidacy, whichever is later. After the expiration of the later time period set forth in this Section, no further action shall be commenced objecting to candidacy based on the grounds for objections to candidacy contained in R.S. 18:492.

. This is particularly true since defendant was the incumbent Councilman for District 10 and was seeking re-election.

. The record reflects that plaintiff acquiesced in the ruling. Plaintiff made no objection, took no exception; plaintiff merely answered "yes sir."