641 So.2d 219 (1994)
Cheryl Jeannette EDWARDS
v.
Lucius W. PATTERSON, et al.
No. 94 CE 1672.
Court of Appeal of Louisiana, First Circuit.
August 18, 1994.
*220 Ernest G. Drake, Jr., Ponchatoula, for plaintiff-appellant, Cheryl J. Edwards.
Michael Lee, Livingston, for defendant-appellee, Lucius Patterson.
Sheri M. Morris, Baton Rouge, for defendant-appellee, Fox McKeithen.
Before EDWARDS, CRAIN, LEBLANC, GONZALES and PITCHER, JJ.
PER CURIAM.
On August 5, 1994, Cheryl Jeannette Edwards filed a petition to amend her notice of candidacy for a school board position in Livingston Parish. Defendants, Lucius Patterson, Clerk of Court of Livingston Parish, and Fox McKeithen, the Secretary of State, filed a peremptory exception raising the objection of no cause of action. The trial court sustained the exception of no cause of action and dismissed plaintiff's suit. Ms. Edwards appealed. We affirm.

FACTS AND PROCEDURAL BACKGROUND
In her petition, Ms. Edwards alleged that she filled out her notice of candidacy using information given to her by the Registrar of Voters of Livingston Parish. Ms. Edwards alleged that the registrar's office told her that she resided in precinct 24 and school board district 5, when in fact she resided in precinct 16 and school board district 8.
Ms. Edwards attached a copy of her signed notice of candidacy to her petition and prayed that she be allowed to amend the notice to reflect the correct precinct and school district.
In the notice of candidacy, Ms. Edwards stated that she was a qualified elector from precinct 24 and a candidate for school board in district 5. Ms. Edwards signed the notice of candidacy before a notary. The notice included a statement that the candidate had "read [the] Notice of Candidacy and all the statements contained in it [were] true and correct."
The trial court found that the statutory law governing elections provided no procedure to amend a notice of candidacy after the qualifying period. Alternatively, the trial court treated the petition as one to withdraw and requalify, and found that LSA-R.S. 18:469 affords no remedy under the facts as alleged by Ms. Edwards.

*221 LEGAL PRECEPTS
The exception of no cause of action is triable on the face of the petition and all well pleaded allegations, as well as those appearing from annexed documents, must be taken as true. Didier v. Department of State Civil Service, 446 So.2d 886, 887 (La. App. 1st Cir.1984). A court should sustain an exception of no cause of action only when the allegations, taken as true, do not state a cause of action, that is, accepting all the allegations as true, the law affords no remedy to the plaintiff for the particular grievance. LeBlanc v. Ellerbee Builders, Inc., 317 So.2d 1, 2 (La.App. 1st Cir.1975).
LSA-R.S. 18:463 requires the candidate to specifically state in the notice of candidacy "the office he seeks...." LSA-R.S. 18:469 allows the reopening of a qualifying period only if, (1) a candidate dies after the close of the qualifying period or (2) no candidate or an insufficient number of candidates qualify for the office.

ANALYSIS
Accepting all well pleaded allegations as true, Ms. Edwards failed to state a cause of action. We agree with the trial court that under the facts as alleged by Ms. Edwards, the Louisiana Election Code, Title 18, affords no remedy to Ms. Edwards for her particular grievance.
Ms. Edwards made the argument to this court that a remedy is afforded by Roe v. Picou, 361 So.2d 874 (La.1978). However, the facts relied on by the supreme court in Picou are distinguishable from our case and we find Picou inapposite.
Based on information given to Mr. Picou by the parish registrar of voters, Mr. Picou stated in his notice of candidacy that he was domiciled in Belle Chasse and a candidate for the school board in "Ward 5." Defendants challenged Mr. Picou's candidacy for the school board member from Belle Chasse because Mr. Picou used the wrong ward number. Picou, 361 So.2d at 875-76.
The supreme court found that (1) a federal court order designating Belle Chasse as Ward 6 for school board elections and Ward 5 for other government elections, such as Parish Council, created confusion among the electorate, the local government and the candidates, (2) "both the candidate and his opponent were clearly aware of [Picou's] intent to qualify for the office he sought, which was described with sufficient particularity as unmistakably to designate it as the sole position available for candidacy to a resident of Belle Chasse," and (3) there was a "lack of official information available to the public concerning the correct designation of the ward-number" after the changes mandated by the federal court. Picou, 361 So.2d at 876-78.
Based on the confusion created by the federal court order and the fact that the opponent and electorate could determine the specific office sought in spite of the incorrect ward number, the supreme court found the mistake to be merely a technical error that could not serve as a basis for disqualification, reversed the disqualification, and ordered Mr. Picou's name be printed on the ballot. Picou, 361 So.2d at 878.
The facts and considerations in Picou are not alleged to be present in the case before us. No reapportionment, civil rights action or federal court order are alleged to have created confusion over the correct precinct and school board district. Ms. Edwards' notice of candidacy does not identify the position she actually sought, in spite of the incorrect precinct and school board district, so clearly that any opponents or the electorate would be aware of her intent to qualify for the office she sought in precinct 16, school district 8. See Picou, 361 So.2d at 878.

CONCLUSION
For these reasons, we affirm the judgment of the trial court. The cost of the appeal is assessed to appellant, Ms. Edwards.
AFFIRMED.