EN BANC.*
These are consolidated election suits filed by Wallace L. Senegal, Jr., objecting to the qualifications of Christopher Kole Obafunwa for the elections of Council Member for District 3 of the Lafayette City-Parish Council and State Senator for District 24. From a judgment disqualifying the defendant from both elections, the defendant appeals.
The facts concerning the defendant’s candidacy and disqualifications are simple. On September 9, 1999, at 2:26 p.m., Mr. Obafunwa filed his Notice of Candidacy for the Office of State Senator of the 24 th Senatorial District. His Notice of Candidacy listed his domicile as P.O. Box 92080, Lafayette, Louisiana. His application was blank as to mailing address. At 4:53 p.m. on September 9, 1999, Mr. Obafunwa filed his Notice of Candidacy for member of the City-Parish Council District 3. On that application his domicile was listed as P.O. Box 92080, Lafayette, Louisiana. The place for the mailing address was left blank. On September 16, ]21999, Mr. Senegal, a registered voter, filed a petition objecting to the candidacy of Mr. Obafun-wa for the Senatorial District Seat and a petition objecting to the candidacy of Mr. Obafunwa for the City-Parish Council District 3 Seat. The plaintiff in his petition objecting to the candidacy of Mr. Obafun-wa in the upcoming election for senator in District 24, alleged that the Notice of Candidacy was defective on its face as it failed to provide a physical domiciliary address, and merely stated that defendant was domiciled at P.O. Box 92080. The petition further alleged that petitioner did not reside in Senatorial District 24, and also that subsequent to his filing of this notice of the candidacy, he filed a Notice of Candidacy for Council Member of District 3 in Lafayette. In the plaintiffs petition objecting to the candidacy of Mr. Obafunwa for the candidacy for Council Member of District 3 for the City-Parish Council, he alleged that Mr. Obafunwa’s Notice of Candidacy for District 3 was defective on its face as he failed to provide a physical domiciliary address. He also alleged that Mr. Obafun-wa did not reside in District 3 of Lafayette Parish. Mr. Obafunwa answered the petition admitting that he did not reveal his domiciliary address due to the fact that he feared for his life. A hearing was held on September 20, 1999. The trial court rendered judgment sustaining both objections to the candidacy of Christopher Kole Oba-funwa as a candidate for Senatorial District 24 and City-Parish Council District 3, and striking his name from both ballots. From this ruling, Mr. Obafunwa appeals.
The only issue raised by this appeal is whether a candidate who has a physical address and intentionally omits his physical address from his qualifying form meets the mandatory requirements of his Notice of Candidacy pursuant to La. R.S. 18:463(A)(1).
|sLa.R.S. 18:463(A)(1)(a) states as follows:
A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by *76 R.S. 18:551(D), after he has qualified for the election.
La.R.S.18:463(A)(l)(a) mandates a candidate to include on his Notice of Candidacy the address of his domicile where he is registered to vote. The purpose of a Notice of Candidacy is to provide sufficient information to show the candidate is qualified to run for the office he seeks. The purpose of requiring the candidate to state the address of his domicile where he is registered to vote, is to give information to show that the candidate meets the residency requirements of the office sought.
In Edwards v. Patterson, 94-1672 (La.App. 1 Cir.1994) 641 So.2d 219, the plaintiff attempted to amend her Notice of Candidacy for school board position in Livingston Parish. The defendant filed a peremptory exception of no cause of action which was sustained by the trial court dismissing plaintiffs suit. In Mrs. Edwards’ Notice of Candidacy, she alleged she resided in Precinct 16 and School Board District 5, when in fact she resided in Precinct 16 and School Board District 8. The trial court determined that statutory law governing elections provided no procedure to amend a Notice of Candidacy after qualifying. Alternatively, the trial court treated the petition to amend as one to withdraw and requalify and found that La. R^'S. 18:469 afforded no remedy under the facts alleged by Mrs. Edwards. The First Circuit affirmed the trial court finding that Mrs. Edwards’ Notice of Candidacy |4did not identify the position she actually sought so clearly that any opponent or the electorate would be aware of her intent to qualify for office in Precinct 16 School District 8.
In Madden v. Edwards, 436 So.2d 759 (La.App. 1 Cir.) writ denied, 437 So.2d 287(La.1983), suit was brought contesting the candidacy of R.E. Edwards for Governor of Louisiana. The plaintiff alleged that the Notice of Candidacy of R.E. Edwards lacked the necessary certificate and financial statement as required by La.R.S. 18:463(A)(2) and (B)(1). The trial court and the Court of Appeal found that since Mr. Edwards failed to attach a financial statement to his Notice of Candidacy, he did not qualify in the manner provided by law and the trial court was correct in disqualifying him from running for the office of Governor of Louisiana.
In the present case, we find that the Notices of Candidacy of Mr. Obafunwa for Senatorial District 24 and Council Member for City-Parish Council District 3 were defective in that Mr. Obafunwa failed to list his domicile. Mr. Obafunwa admitted in his answer that the forms he provided the clerk’s office intentionally left blank the lines pertaining to domiciliary address because Mr. Obafunwa did not want to disclose his street address to the public for his safety.
Appellant argues that the Clerk of Court’s office failed to inform him of the necessity to provide his domiciliary address and that he should have been allowed to amend his Notice of Candidacy. The decision in Edwards, 641 So.2d 219 is clear that the Election Code does not provide for an amendment of the Notice of Candidacy, and that an error by the Clerk of Court does not excuse a candidate from his obligation to provide the correct information needed on the form.
We also note Mr. Obafunwa had filed multiple Notices of Candidacy for election in more than one office to be held at the same election. These multiple [ ^candidacies are in violation of La.R.S. 18:463. We find that pursuant to La.R.S. 18:461(B), Mr. Obafunwa would have been disqualified as a candidate in the primary election for Senatorial Seat District 24.
For the reasons assigned, we find that the trial court did not err in disqualifying Mr. Obafunwa from the elections of State Senator for District 24 and Council Member for District 3 of Lafayette Parish, and striking his name from these ballots. We *77 therefore affirm the ruling of the trial court at appellant’s cost.

AFFIRMED.

 Four Judges of this Court were unable to participate in the decision of the above captioned appeals because they were out of state.