BGORBATY, J.
concurs with reasons.
I respectfully concur. La.R.S. 18:463(A)(l)(a) states as follows:
A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated....
A defect in the Notice of Candidacy disqualifies that candidate from running for office. See Senegal v. Obafunwa, 1999-1449 (La.App. 3 Cir.9/27/99), 745 So.2d 74. In that case, a candidate was disqualified where his Notice of Candidacy failed to list his domicile, even though the candidate claimed he did not want to disclose his street address for safety reasons.
In Edwards v. Patterson, 94-1672 (La.App. 1 Cir. 8/18/94), 641 So.2d 219, the plaintiff attempted to amend her Notice of Candidacy for a school board position in Livingston Parish. The defendant filed a peremptory exception of no cause of action that was sustained by the trial court dismissing plaintiffs suit. In Mrs. Edwards’ Notice of Candidacy, she alleged she resided in Precinct 16 and School Board District 5, when in fact she resided in Precinct 16 and School Board District 8. The trial court determined that statutory law governing elections provided no procedure to amend a Notice of Candidacy after qualifying. Alternatively, the trial court treated the petition to amend as one to withdraw and |grequalify and found that La.R.S. 18:469 afforded no remedy under the facts alleged by Mrs. Edwards. The First Circuit affirmed the trial court finding that Mrs. Edwards’ Notice of Candidacy did not identify the position she actually sought so clearly that any opponent or the electorate would be aware of her intent to qualify for office in Precinct 16 School District 8.
In Madden v. Edwards, 436 So.2d 759 (La.App. 1 Cir.1983) writ denied, 437 So.2d 287 (La.1983), suit was brought contesting the candidacy of R.E. Edwards for Governor of Louisiana. The plaintiff alleged that the Notice of Candidacy of R.E. Edwards lacked the necessary certificate and financial statement as required by La.R.S. 18:463(A)(2) and (B)(1). The trial court and the Court of Appeal found that since Mr. Edwards failed to attach a financial statement to his Notice of Candidacy, he did not qualify in the manner provided by law and the trial court was correct in disqualifying him from running for the office of Governor of Louisiana.
In his Notice of Candidacy, Mr. Barney swore that he was a duly qualified elector for the Parish of Orleans, Ward 8, Precinct 21. However, the official records of the Registrar of Voters for the Parish of Orleans show that Mr. Barney is presently registered to vote only in Ward 9, Precinct 44. Because Mr. Barney’s Notice of Candidacy wrongly states the “ward and precinct where he is registered to vote,” it is fatally defective, and Mr. Barney did not qualify in the manner prescribed by law. As stated in Senegal v. Obafunwa, 1999-1449, 1999-1450, 745 So.2d at 76, “the Election Code does not provide for an *571 amendment of the Notice of Candidacy, and an error by the Clerk of Court does not excuse a candidate from his obligation to provide the correct information needed on the form.” As such, the trial court was correct in finding that Mr. Barney did not qualify in the manner prescribed by law because his Notice of Candidacy wrongly states the ward and precinct where he is registered to vote.
[aThe instant case is distinguishable from Roe v. Picou, 361 So.2d 874 (La.1978). In Roe, the Supreme Court held that even though the candidate designated the wrong ward number for the school board position, his notice of candidacy for school board position was not deficient. Confusion existed as to the proper ward number designation because of a federal invalidation of parish regulation. Both the candidate and his opponent were clearly aware of the candidate’s intent to qualify for the office he sought, which was described with sufficient particularity as to unmistakably designate it as the sole position available to the candidate. In the case at bar, no such confusion existed. Mr. Barney knew where he was registered to vote, as evidenced by the fact that he voted there as recently as November 2004.
I note that I do not share views espoused by Judge Kirby regarding the meaning of the term “elector.” However, because I conclude that the Notice of Candidacy is deficient on its face, it is not necessary to reach the issue of the definition of “elector.”