BOLIN, Judge.
Louis C. Pendleton seeks to have the court declare him the Democratic nominee for Louisiana House of Representatives, District No. 2, Caddo Parish, Louisiana. In the alternative, he seeks to have the second Democratic primary election, held on December 18, 1971, wherein his opponent, Alphonse Jackson, Jr., was elected as the Democratic nominee for District No. 2, declared a nullity.
Defendant filed exceptions of prescription, jurisdiction ratione materiae, and a plea of unconstitutionality of the residency requirements of Article 3, Section 9 of the Louisiana Constitution. All of the exceptions were referred to the merits.
After trial the lower court rendered judgment overruling the exceptions of jurisdiction and prescription. The trial judge declined to pass on the exception of unconstitutionality in view of his finding that the defendant did, in fact, meet the residency requirements of Article 3, Section 9 of the Louisiana Constitution. He rejected the demands of plaintiff, who has appealed. Defendant answered, reurging each exception and alternatively seeking af-firmance of the lower court’s judgment. In order to reach the merits of this case, we affirm the judgment of the trial court overruling the exceptions. For reasons hereinafter expressed, we also affirm the judgment on the merits.
Plaintiff concedes the correctness of the lower court’s ruling on the exceptions but specifies as error the court’s finding that the defendant, Alphonse Jackson, Jr., met the residency requirements of Article 3, Section 9 of the Louisiana Constitution.
On August 24, 1971, the United States District Court for the Eastern District of Louisiana, in a case entitled Bussie et al. v. Governor of Louisiana et al., 333 F.Supp. 4S2, ordered a reapportionment plan which created single-member legislative districts and abolished multi-member districts in many of the parishes in Louisiana, one of which was Caddo. The judgment declared that the reapportionment order in no way affected the residence requirements for candidates for the Louisiana House of Representatives or the Senate as provided for by the Constitution and/or laws of the State of Louisiana. On September 14, 1971, this decision, insofar as Caddo Parish and more particularly District No. 2 were concerned, was affirmed by the United States Court of Appeals, Fifth Circuit. Application for writs to the United States Supreme Court were subsequently refused.
The facts as stipulated by the parties were: Mr. Jackson is 44 years old, a lifelong resident of Caddo Parish, and resided at 106 West 87th Street in the City of Shreveport until July 1970, when he moved to 108 Plano Street. It was further stipulated 106 West 87th Street lies outside of House District No. 2, but is in Caddo Parish, and 108 Plano Street, also in Caddo *496 Parish, is encompassed within District No. 2.
Prior to reapportionment of the legislature and creation of House District No. 2, and the other house districts carved out of Caddo Parish, Mr. Jackson was and had been for a period of more than two years immediately preceding his election a qualified elector of Caddo Parish. As such he was eligible to run for the office of representative, since the district at that time included the whole of Caddo Parish and all candidates ran at large. However, after reapportionment Jackson could no longer qualify as a candidate in the district where he had formerly lived and under the interpretation of Louisiana Constitution Article 3, Section 9, sought by plaintiff, he could not run from District No. 2. Consequently, if we were to adopt the position of plaintiff, defendant would be ineligible to qualify as a candidate from any district in Caddo Parish.
The issue presented by the above facts and stipulations is whether defendant, Alphonse Jackson, who resided in House District No. 2 on August 24, 1971 [the effective date of the reapportionment order] is qualified to represent that district in the Louisiana Legislature even though he had not lived at an address within House District No. 2 for more than two years prior to the election.
Louisiana Constitution Article 3, Section 9, provides in pertinent part:
“Section 9. Every elector under this Constitution shall be eligible to a seat in the House of Representatives, and every elector who has reached the age of twenty-five years shall be eligible to a seat in the Senate; provided, that no person shall be eligible to the Legislature unless at the time of his election he has been a citizen of the State for five years, and an actual resident of the district or parish or ward of the parish of Orleans from which he may be elected for two years immediately preceding his election
Plaintiff asserts the quoted article of the Constitution should be literally interpreted and, since defendant has not resided at his present address within House District No. 2 for two years, he is not qualified to represent that district in the legislature. In opposition, defendant contends that since he has been for two years a resident and qualified elector of Caddo Parish, the former election district, out of which House District No. 2 was carved, and, further, since he was a resident of the area comprising House District No. 2 at the time of its creation, the court should construe Article 3, Section 9 so as to recognize his right to represent the people of that district in the legislature. He contends to hold otherwise would be a judicial deprivation of a constitutional right which he possessed on the date of the reapportionment order.
There have been no appellate cases in Louisiana decided on this point. Made a part of the record in this case is a written opinion by Judge Melvin A. Shortess in the recent case of Loyd J. Rockhold vs. McKeithen, et al, No. 151,397 on the docket of the 19th Judicial District Court. While district court cases are not binding on this court, we take the liberty of referring to it as its logic appears sound. In Rockhold the plaintiff sought a declaratory judgment of his right to qualify as a candidate for election to the legislature from House District No. 67. On appeal to the First Circuit Court of Appeal, the case was dismissed on a finding that the issues initially presented to the trial court had become moot. See Rockhold v. McKeithen (La.App. 1st Cir. 1971), 253 So.2d 246. The facts of that case and the questions presented are almost identical with those before us now. Mr. Rockhold had lived in East Baton Rouge Parish for more than two years and prior to August 24, 1971 was eligible to qualify for representative from the whole of East Baton Rouge Parish. However, he had lived at an address which became part of House District No. 67 [carved out of East Baton Rouge Parish] for less than two years prior to the *497 election. The decision which was rendered in favor of Mr. Rockhold contained, language to the effect that a strict interpretation of Article 3, Section 9 would mean no one could qualify for the legislature until the new districts, created on August 24, 1971, were two years old. We do not agree with this broad statement in the court’s opinion. However, we hold that, under the facts in this case, the result is correct, based on what we believe to be the controlling rationale of the opinion that it would be “patently unjust” to deny a citizen, who could qualify as a candidate for the legislature under the law as it existed prior to August 24, 1971, the right to qualify after August 24, 1971.
The reapportionment of the legislative districts in Louisiana was achieved by judicial order, rather than by legislative enactment. Since we have no recourse to legislative intent, the duty devolves on this court to make a reasonable interpretation of the effect of the reapportionment on the residency requirements of Article 3, Section 9 of the Louisiana Constitution.
We hold, as did the court in Rockhold, that Article 3, Section 9 of the Louisiana Constitution does not render ineligible any person who satisfied the requirements of Louisiana law prior to August 24, 1971 from qualifying as a candidate for the Louisiana House of Representatives so long as that person actually resided in the newly created district as of the date of its creation on August 24, 1971.
For the reasons assigned the judgment of the lower court is affirmed at plaintiff’s cost.