374 So.2d 759 (1979)
Henry TOLDSON, Plaintiff-Appellant,
v.
Hayward FAIR and J. K. Post, Jr., Defendants-Appellees.
No. 14039.
Court of Appeal of Louisiana, Second Circuit.
August 30, 1979.
Writ Refused September 5, 1979.
Miller & Schneider by Leo A. Miller, Jr., Lake Providence, for plaintiff-appellant.
Hayward Fair, pro. per.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Plaintiff filed this suit contesting the candidacy of Hayward Fair for the office of police juror for District 5 of Madison Parish on the ground that Fair had not been domiciled in that district for a period of one year as required by law. The trial court found Fair had met all domiciliary requirements and rendered judgment in his favor. Plaintiff appeals and we affirm.
Hayward Fair is presently serving as a police juror for Madison Parish, representing Ward I. Prior to his filing for reelection, Ward I was divided into several separate election districts pursuant to a reapportionment decree by the federal court. Under this new apportionment plan Fair's residence fell within District 3. About a month before filing his intention of candidacy, Fair moved into the home of his father-in-law, which is within the old Ward I but is now situated in District 5, the district for which he filed his candidacy.
Plaintiff filed suit claiming Fair lacks the qualifications for the office he is seeking based on the contention that Fair is not actually domiciled in the district he seeks to *760 represent as required by Article 3, Section 4(A) of the Louisiana Constitution.
The trial court found it unnecessary to decide whether Fair had, in fact, changed his domicile to District 5 since it held Section 4(B) of Article 3 applied to his candidacy and, consequently, his being domiciled in District 5 was not a requirement for his qualifying to run for office in that district.
Plaintiff appeals contending the qualifications for police jurors are governed exclusively by Article 3, Section 4(A) and that Section 4(B) has no application to qualifications in police jury elections. Alternatively, he contends that even if 4(B) does apply to candidates for police juries, it would not apply in this case since the reapportionment of the Madison Parish election districts was done pursuant to a federal court order rather than an act of the Louisiana legislature.
LSA-R.S. 33:1225 provides that members of police juries shall possess the same qualifications as members of the House of Representatives. These qualifications are set forth in Article 3, Section 4 of the Louisiana Constitution of 1974. This section in pertinent part provides:
Section 4. (A) Age; Residence; Domicile. An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature.
(B) Domicile; Special Provisions. However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
The first issue is whether the exception provided by 4(B) applies to candidates for police juries. Plaintiff contends R.S. 33:1225 was enacted with reference to the qualifications for legislators as set forth in the 1921 Constitution which did not include the special provision regarding the effects of reapportionment on the domiciliary requirement. For this reason he contends R.S. 33:1225 refers only to Section 4(A) which recites the qualifications for legislators substantially the same as they were under the 1921 Constitution.
We do not agree. When the 1974 Constitution was drafted, Article 3, Section 9 of the prior constitution dealing with the qualifications of legislators, underwent substantial revision. Among the changes made was the addition of Section 4(B) which provided an exception to the general requirements set forth in Section 4(A). We hold that R.S. 33:1225 refers to all requirements necessary to qualify as a candidate for the legislature and since Section 4(B) is now a part of those requirements it is also applicable to candidates seeking election to police juries.
Having found that Section 4(B) applies to candidates for police juries, we must now decide whether this provision is applicable in the present case. Plaintiff contends that the provision applies only to legislative reapportionment and affords no relief to Fair since the reapportionment of the Madison Parish election districts was achieved pursuant to a federal court order.
This contention is also without merit. The purpose of this section is to alleviate the inherent prejudice to an elector whose district has been divided or reconstructed into several new districts in which he could not meet the usual requirements of one year's domicile. The resulting prejudice is the same whether the reapportionment is initiated by the legislature or mandated *761 by a court order. See Pendleton v. Jackson, 256 So.2d 494 (La.App. 2d Cir. 1972), writ refused 260 La. 691, 257 So.2d 152 (1972). Therefore, we hold Section 4(B) of Article 3 is applicable to the circumstances here presented and that defendant possesses the qualifications to be a candidate for police juror from District 5 of Madison Parish.
We do not find it necessary to determine whether he had acquired an actual domicile within District 5 prior to the time of his qualifying as a candidate. Under the provisions of Article 3, Section 4(B) this does not become an issue until such time as defendant is elected and is sworn into office.
For the foregoing reasons the judgment is affirmed at appellant's cost.