PER CURIAM:
After a thorough study, review and evaluation of this entire record, we are convinced that for the facts as found by the trial judge and the reasons assigned in his written reasons, a copy of which is attached hereto, the trial judge was correct, and we affirm at appellant’s costs.
AFFIRMED.
REASONS FOR JUDGMENT
Suit was timely filed on August 8, 1983 by plaintiff Joseph A. Harrison, Jr. under the provisions of R.S. 18:491 and R.S. 18:1401 et seq. to challenge the right of the defendant Lionel Delise to seek election as police juror for Ward Four in Assumption Parish.
In his petition the plaintiff alleged that the defendant qualified on July 29, 1983 and the record reflects that on that date defendant did in fact sign the qualifying form before a notary public of that parish. The plaintiff contends that the defendant *161 does not meet the qualifications for the office he seeks as set forth in Article 3, Section 4 of the Constitution of this State adopted in 1974, in that the defendant is domiciled and had been domiciled in Ward 2 of the Parish of Assumption for the past year.
The defendant was duly served and the matter was scheduled for trial for 10:00 a.m. August 12,1983 as required under R.S. 18:1409.
On August 11,1983 at the request of both plaintiff and defendant court was convened for the purpose of permitting the defendant to file “Exceptions”. On that date the defendant filed a pleading entitled “Exception”. Attached to this pleading were certified copies of reapportion ordinances and plats reapportioning the Police Jury wards of Assumption Parish. According to these exhibits, Ward 4, for which the defendant has qualified for Police Juror, was (by resolution duly adopted and approved by the U.S. Department of Justice July 11, 1983) created in whole or in part out of former Wards 2, 3 and 4 and new Ward 4 included portions of former Ward 5 and 9. The defendant took the position that taking the plaintiffs allegations as alleged to be true, the defendant being alleged to be domiciled in present Ward 2 is entitled to qualify for the election of office of Police Juror for present Ward 4 under the provisions of Article 3 Section 4(B) of the Louisiana Constitution of 1974.
The plaintiff, at this so-called “exception” hearing introduced into evidence the certified copy of the “Notice of Candidacy” form which showed that the defendant gave his address of domicile as Rt. 2, Box 332-A, Napoleonville, Louisiana, and which further stated he was an elector of Ward 4 and that he was holding himself out as qualifying for the office of Police Juror as a domiciliary of that Ward, i.e., Ward 4. The plaintiff contended that the defendant, not having indicated that he was qualifying under Article 3, Section 4(B), would be precluded from introducing evidence to prove his right to qualify under Article 3, Section 4(A) of the Constitution above referred to.
The court took the so-called “exceptions” under advisement and on the morning of the trial referred the exceptions to the merits, giving each side the opportunity to reintroduce the evidence tendered at the “exception” hearing. The defendant thereupon filed an answer wherein he contended he was domiciled in Ward 4, Precinct 2 as presently constituted and alternatively pleaded his right to run for the office of Police Juror if he were found to be in fact domiciled in Ward 2 as presently constituted under the provisions of Article 3, Section 4(B) of the Louisiana Constitution of 1974.
Article 3, Section 4(A) provides:
“An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature.”
Article 3, Section 4(B) provides:
“However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.”
Section 4(b) of Article 3 has been held to be applicable to candidates for police jury elections. Toldson v. Fair, 374 So.2d 759 (La.App.2d Cir.1979) writ refused 375 So.2d 1182 (La.1979); McCarter v. Broom, 377 So.2d 383 (La.App. 1st Cir.1979).
*162 At the trial the parties introduced by joint stipulation a map of Assumption Parish showing the wards as they existed prior to the reapportionment ordinance adopted in 1983 and showing the wards as they existed thereafter. This joint exhibit also showed the portions of the then existing wards incorporated into the newly created wards. The evidence clearly demonstrated that the defendant in this case had two residences, one in the physical boundaries of newly created Ward 4 and one in what is now newly created Ward 2 and of which was part of a ward of which present Ward 4 was created.
Evidence was introduced by way of testimony and documentary evidence concerning which of the two residences was the actual domicile of the defendant.
The defendant Lionel Delise from the date of his marriage in or about 1953 established his original home and/or domicile of origin in that part of the Parish of Assumption known as the Little Texas area, which area is admitted to have been included in old Ward 4 as well as new Ward 4. The defendant was first elected as Police Juror for that Ward in 1974 and again thereafter in 1978. In 1978, the defendant commenced construction of a house in Labadieville, an area admittedly outside of the geographic boundaries of old Ward 4 while he was serving as Police Juror for Ward 4. This house was eventually completed and the defendant, his wife and daughter established an additional residence there. From that date the defendant continued to maintain the two residences and did much in the way of acts obviously intended to retain his residence in Little Texas, the sufficiency of which need not be passed upon as will be hereinafter shown. The acts did however evidence the obvious intent of the defendant and probably convinced him that having done what he did he was still domiciled there for political purposes. While there was considerable testimony to possibly support a conclusion by this court that the defendant was in fact domiciled in Ward 2 and outside of the area he was serving (which conclusion the court does not feel compelled to reach a resolution of that issue under the facts of this case).
As this court understands the law, as enunciated by our appellate courts, a liberal construction which encourages participation in the election process is favored. As stated by Justice Tate of the Louisiana Supreme Court in Roe v. Picou, 361 So.2d 874, 878 (La.1978).
“In similarly rejecting technical objections to the sufficiency of a notice of candidacy, we stated long ago that the election laws do not ‘indicate that it was the purpose of the law makers to obstruct with mere technical difficulties, the exercise of the right, which every citizen has, to seek the approval of his political associates, or of the public at large. To the contrary, the whole spirit of the legislation is to encourage the multiplication of worthy candidates for nominations to public office, in order that the body of voters constituting a political party, or constituting the electorate at large, may have the benefit of a choice, and not be ' compelled to accept candidates chosen by the minority or thrust upon them in some other way.’ Langridge v. Dauenhauer, 120 La. 450, 452-53, 45 So. 387, 388 (1908).”
Article 3, Section 4(A) and 4(B) provide two constitutional rights to a candidate to seek the office of Police Juror. To accept the plaintiffs argument that if he elects to attempt to qualify as a domiciliary of a certain ward and is found wanting that this precludes his right to qualify under an alternative provision would do violence to the liberal interpretation concept. It must be remembered that Section 4(B) only comes into play for the first election after reapportionment takes place. The evidence clearly demonstrates that this defendant was domiciled at one of two locations, clearly entitling him substantively to run for the office of Police Juror of Ward 4 under either Section 4(A) or 4(B). The plaintiff does not dispute the defendant’s substantive rights under those two constitutional provisions.
*163 What the plaintiff strongly contends is that R.S. 18:463 proeedurally, must be strictly followed.
R.S. 18:463 provides as follows:
“A notice of candidacy shall be in writing and shall state the candidate’s name; the office he seeks; the address of his domicile; the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated. The candidate shall designate in the notice the form in which his name shall be printed on the ballot. The candidate may designate his given, first, and middle name, the initials of his given, first, and middle name, a nickname, or any combination thereof as the form in which his name shall be printed on the ballot, but he shall not designate a deceptive name. If the candidate designates a nickname in place of or in combination with his given name or the initials thereof, the nickname shall be set off with quotation marks. A candidate shall include his surname in his designation of the form in which his name shall be printed on the ballot. The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he has read the notice of his candidacy, that he acknowledges that he is subject to the provisions of the Louisiana Election Campaign Finance Disclosure Act (R.S. 18:1481 through R.S. 81:1493, if he is a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party, and that all of the statements contained in it are true and correct. The certificate shall be executed before a notary public or shall be witnesses by two persons who are registered to vote on the office the candidate seeks. If the candidate is serving outside the state with the armed forces of the United States, his notice of candidacy shall be witnessed by a commissioned officer in the armed forces of the United States. Each notice of candidacy shall be executed in duplicate original. One duplicate original shall be filed as provided in this Subpart and one shall be transmitted to the Election Campaign Finance Com-, mittee.
On the forms for Notice of Candidacy which are prepared, printed, and distributed by the secretary of state, a notice shall be printed below the signature line which shall inform the candidate that copies of the forms and pamphlets of explanation and instruction which are distributed by the Election Campaign Finance Committee are available from the clerk of court or the committee.”
The difficulty with that position is that R.S. 18:463 addresses qualifying under Section 4(A) of Article 3 of our Constitution only. In addition the “Notice of Candidacy” form supplied by the Secretary of State introduced in evidence does not appear to be structured in a manner as to permit a candidate to qualify under Section 4(B) without substantially modifying the form. This is understandable inasmuch as the opportunity for so qualifying occurs only rarely. This court acknowledges that a citizen may in fact waive, lose or forfeit a substantive right by failing to comply with proper procedure.
Able counsel for the plaintiff relies heavily on Roe v. Picou, a case involving a candidate who qualified for the position of police juror in a ward, the number of which had been changed during or so close to qualifying time that the candidate, along with his opponent was shown to have been confused as a result of litigation. Although our Supreme Court held in that case that the defendant would not be precluded from the opportunity to run for purely technical reasons, and permitted the candidate to run notwithstanding the fact that he indicated on his “Notice of Candidacy” form he was running in a ward in which he was not actually qualified, counsel advances that case to support the proposition that the defendant Delise, was an incumbent when the parish was reapportioned in 1983 and knew the facts and designation of the wards and can not be heard to use lack of knowledge as an excuse.
*164 The court accepts the Roe v. Picou decision as support for the proposition that where a candidate is in fact qualified to seek a particular office and clearly indicate the office he seeks, and he and his opponents are clearly aware of his interest to qualify technical errors on the “Notice of Candidacy” form will not disqualify him. See also Rousseau v. Democratic Executive Committee, 164 So. 175 (La.App. 1st Cir.1935).
Using the plaintiff’s logic could produce an absurd situation in a case such as this. Let us assume that the defendant had indeed shown his domicile on his “Notice of Candidacy” as being in newly created Ward 2 and had indicated he was qualifying to run under the provisions of Section 4(B) for the position of Police Juror of Ward 4. Let us further assume that the plaintiff did successfully challenge his alleged new domicile in Ward 2 and did successfully establish that the defendant’s domicile was his old one in Ward 4, would the defendant found to be domiciled in Ward 4, running in Ward 4 be disqualified because he had indicated he was attempting to qualify under Section 4(B) instead of 4(A)? This court does not believe so.
The Constitution adopted by the people of this state has admittedly changed the law concerning the residence and/or domiciliary requirements of elected officials. The law seeks to discourage and to prohibit absentee representation. We now require those elected officials representing certain geographic areas to be actually domiciled in the area they serve. There will be time enough to challenge this defendant under Section 4(B) of Article 3 of the Louisiana Constitution if he is in fact elected. If he is not elected, then the issue of his domicile will become moot.
The Court therefore being of the opinion that the defendant, Lionel Delise, being entitled under Section 4(B) of the Louisiana Constitution of 1974 to run for the office of Police Juror of Ward 4 and being of the further opinion that his failure to technically indicate the precise manner or theory under which he was seeking to run was nonconfusing and was therefore insufficient to disqualify him, dismisses the challenge of the plaintiff, Joseph A. Harrison, Jr. to disqualify him, at his cost.
Convent, Louisiana, this 15th day of August, 1983.
s/Charles S. Becnel JUDGE