PER CURIAM.
The main issue in this election suit is whether or not appellant, Fred D. Reed, meets the domiciliary requirements for the office of State Representative for the 61st District. The trial court found he did not and we affirm.
The facts of the case are not disputed. Plaintiff is a registered voter, qualified to vote in the special primary election scheduled for June 30, 1984. The purpose of the election is to fill the office of State Representative, District 61, which was vacated upon the death of the late Louis Jetson. Plaintiff named as defendants four individuals who had qualified to run for this seat.[1] He challenged the qualifications of the four candidates on the basis that each had not met the domiciliary requirements. Specifically, plaintiff alleges Fred D. Reed lives some ten miles outside of District 61 and has done so for-more than a year preceding June 12, 1984, the date he qualified as a candidate.
A hearing was held on June 22, 1984 and Mr. Reed stipulated he was domiciled in District 66 rather than in District 61. He stipulated further that District 61 had been created, in part, from District 66.
In order to qualify for a legislative seat, a candidate must (among other things) have been domiciled for the preceding year in the legislative district which he seeks to represent. La. Const. art. III, § 4(A). However, appellant argues he is entitled to take advantage of the exception set forth in § 4(B) which reads as follows:
“However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the *682 district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.”[2]
We note this exception applies only to the “... next regular election for members of the legislature.” We take judicial notice of the fact that the reapportionment of the districts involved, Districts 61 and 66, took place in 1982. The next regular election was the general election of November 19, 1983. The article creates only a limited exception to the usual domiciliary requirements. The exception is not applicable to the present election.
Appellant argues that because this particular legislative seat .has never been occupied (due to Mr. Jetson’s illness and subsequent death) it should be considered to be the office of a newly reapportioned legislative district. The implication of this argument is that this court should disregard the regular election which took place in 1983 and consider this election to be the first. We simply find no merit to this argument. The words of the constitutional article are clear. The exception applies only to the "... next regular election ... following reapportionment,” which was the election in November of 1983.
Appellant also contends the citation served upon him was invalid in that it did not comply with the specific requirements of Code of Civ.P. art. 1202. We note that objections to service and citation must be raised by the declinatory exception and if not raised prior to appearance, are considered waived. Code Civ.P. art. 925. Appellant contends the insufficiency of the citation was raised at trial. A careful examination of the record reveals this is not the case.
As stated above, this suit originally involved four defendants. One of the defendants, Mr. Wesley, filed a declinatory exception raising the objection of insufficiency of service of process and citation. This was a written exception wherein Mr. Wesley stated he had never been served with a copy of the petition nor cited to appear. At the hearing on the petition objecting to candidacy all four defendants appeared, each with separate counsel. Mr. Wesley’s exception was considered first and the court dismissed the case against him because it found he had not been served. At this point the record contains a reporter’s note which reads as follows:
“An oral motion to dismiss was made in behalf of Ernest L. Johnson, and joined in by all remaining defendants; argument was had by counsel and the matter submitted to the Court.”
The court then addressed the issue of the lack of a written order attached to the petition and then denied the motion to dismiss “... on that ground.”
We conclude appellant waived his right to contest the sufficiency of the citation. In order to raise this objection he should have filed a written exception[3] prior to appearance, or at the very least, made a specific oral objection with leave of court to provide the written pleading. We cannot consider the vague reference quoted above to be a sufficient objection raising the decli-natory exception. For this reason we will not consider appellant’s argument concerning the insufficiency of citation.
The judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.

. Suit against Mr. Wesley was dismissed due to lack of service of process. The record does not indicate the disposition of the case as to Ernest L. Johnson and Melvin Hodges. There is no judgment against them in the record.

. See, Toldson v. Fair, 374 So.2d 759 (La.App. 2d Cir.1979), writ denied, 375 So.2d 1182 (La.1979).

. See, La.Code Civ.P. art. 924.