PER CURIAM.
After a thorough review of the record, for the written reasons assigned by the trial judge, a copy of which is attached, we affirm the judgment of the trial court. We expand these reasons only to the extent that we concede for purposes of argument that La.R.S. 18:462 B is procedural. However, we are of the opinion that section 462 expresses the intent of the Legislature that a candidate be an elector of the parish from which he seeks to be elected. Additionally, if La.R.S. 18:462 B was not interpreted to apply to qualifications for office as well as qualifying for office, there would be in *302 stances such as here where a local candidate would not have a way to qualify. Costs of this appeal are assessed against appellant.
AFFIRMED.
CHIASSON, J., dissents and will assign reasons.
APPENDIX
23rd Judicial District Court, Parish of Ascension, State of Louisiana
REASONS FOR JUDGMENT
Suit in this matter was timely filed on July 31, 1987, by plaintiff, John D. Gonzales, pro se, seeking to have Dr. John Frederick Fraiche, disqualified as a candidate for the Office of Coroner, for the Parish of Ascension. The suit alleges that Dr. Fraiche is not qualified to run for this office because he did not qualify in accordance with LSA-R.S. 18:462(B), which he alleges requires that a candidate for this office be a resident of the Parish of Ascension. Plaintiff further alleges that Dr. Fraiche is a registered voter of St. James Parish as evidenced by a certified copy of his voter registration application which is attached to the petition.
This matter was scheduled for a hearing on Wednesday, August 5th at 8:30 a.m. in Donaldsonville, Louisiana. Prior to the scheduled hearing, the defendant, Dr. Fraiche, filed declinatory, dilatory, and peremptory exceptions as follows:
1.
Plaintiff, John D. Gonzales, has failed to effect domiciliary service and proper citation on defendant as required by La.C.C.P. Articles 1201-1203, and 1234.
2.
Plaintiff has failed to follow the appropriate form of pleading in a number of ways, including failing to state his address and domicile in violation of La.C.C.P. Article 926(4), 863, 891.
3.
Plaintiff’s allegations in the petition are void for vagueness or ambiguity in violation of La.C.C.P. Art. 926(5).
4.
Plaintiff, John D. Gonzales, has not alleged capacity or standing to bring suit to object to defendant’s candidacy pursuant to La.F.S. 18:491; La.C.C.P. Art. 926(6); and, in the alternative, La.C.C.P. Art. 927(4).
5.
Plaintiff has failed to state a cause of action under Louisiana law in violation of La.C.C.P. Art. 927(5).
Following oral and written arguments, the Court referred the exceptions to the merits, following which defendant, then filed an answer, alleging that the petition fails to state a claim upon which relief can be granted, that the petition alleges only technical irregularities which are not grounds for disqualification, of an otherwise qualified candidate, alleging the unconstitutionality of LSA-R.S. 18:462(B) as being a legislative addition to the qualifications for coroner, and further alleging that the coroner need not be a resident of a parish where he serves. Further answering defendant admits that he has qualified as a candidate for coroner of Ascension Parish, denies that LSA-R.S. 18:462(B) provides that a candidate for coroner be a resident of Ascension Parish and admits that the defendant is a registered voter of St. James Parish.
At trial plaintiff introduced the following evidence:
1. Plaintiff’s Exhibit A, which is a certified copy of defendant’s voter registration application, which registration was admitted in defendant’s answer, and is not at issue.
2. Plaintiff’s Exhibit B, which is a voter identification card showing that plaintiff is a qualified voter of Ascension Parish.
3. Plaintiff took the stand and testified that he was a qualified voter of this Parish.
Defendant introduced the following evidence:
*303 1. The testimony of Dr. Fraiche, who testified in part that following the purge of his Ascension voting registration, he registered to vote in the Parish of St. James, which he regards as his domicile.
2. Defendant’s Exhibit 2, which is a certified copy of defendant’s Notice of Candidacy.
3. Defendant’s Exhibit 1, which is a certified copy of Section 29 of Article V of the La. Constitution of 1974.
4. Defendant’s Exhibit 3, which is a certified copy of the listing of “Qualifications of Candidates”, prepared by the Office, of the Secretary of State.
The trial of this matter was affected by the fact that the plaintiff, acted pro se, and was understandably not able to present an articulate version of his position and also resulted in the pleadings filed being in less than professional form and style.
Although the declinatory and dilatory exceptions filed by defendant, may have some technical basis, just as procedural irregularities should not serve as a basis to disqualify a candidate, they should not serve as a basis to dismiss a suit, otherwise properly filed, particularly in election matters, where delays are severely limited. Therefore, finding no basis in the exceptions filed herein, the Court believes their dismissals are warranted.
Turning now to the merits of this case, this Court feels that the main issue presented is whether or not a Coroner must be a resident of the Parish where he serves?
Defendant’s position, as understood by this Court, is that the defendant is not required to be a resident of Ascension, in order to run for and serve as Coroner of Ascension Parish. He points to the La. Constitution of 1974 Art. 5, Sec. 29, as not requiring residence in the Parish to be served and to LSA-33:1554 passed in 1984 as further support for this position. Defendant cites the historical difficulty of locating physicians in rural areas, as the rationale behind the non-residency requirement. Defendant also argues that where residency requirements are in effect, they are clearly set out in the law, such as for the Office of District Judges and District Attorneys.
In answer to plaintiff’s position that LSA-R.S. 18:462(B) requires the Coroner to be a resident of the Parish where he seeks office, defendant’s position is that such an interpretation violates Const. Art. V, Sec. 29 and is therefore unconstitutional.
This Court views plaintiff’s attack on the defendant’s qualification as being a substantial issue and not a case of procedural irregularities. This view, therefore, compels the Court to find that the various cases cited by defendant for the proposition that technical challenges are not grounds for disqualification of candidates, are not applicable to the facts of this case.
This Court believes the question presented in this case is res nova and undoubtedly will have to be answered by appeal. However, based upon the evidence presented, and after considering the Constitution, applicable statutes, and existing jurisprudence, this Court finds that the plaintiff has carried his burden of proof and that the defendant must be declared not qualified to seek the office of Coroner for Ascension Parish because he admittedly is a resident and registered voter of St. James Parish.
LSA-Const. Art. V, Sec. 29, which provides as follows:
“In each parish a coroner shall be elected for a term of four years. He shall be a licensed physician and possess the other qualifications and perform the duties provided by law. The requirement that he be a licensed physician shall be inapplicable in any parish in which no licensed physician will accept the office.”
should be read in conjunction with LSA-R.S. 18:462(B), which provides as follows:
“Local and municipal candidates shall qualify for a primary election either with the clerk of court or with the president or secretary of the parish board of election supervisors for the parish in which the candidate is registered to vote.”
*304 Rather than engraph on the constitutional provisions, as argued by defendant, the Court believes that LSA-R.S. 18:462(B) merely supplements said constitutional provision. This wording — “and possess the other qualifications and perform the duties provided by law”, is partially spelled out in said LSA-R.S. 18:462(B) — What other qualifications? Those set out in R.S. 18:462(B) and 33:1554. Construing these together, as should be done, the qualifications of a coroner are as follows:
1. He shall be a licensed physician.
2. He shall be licensed by the Louisiana State Board of Medical Examiners to practice medicine in Louisiana.
3. He shall be a resident of the parish in which he seeks to serve and be registered to vote therein.
Defendant’s argument that because the Constitution is silent on the residence requirement, there is no such requirement, fails, when one glances at the Constitutional sections setting out the qualifications for other offices. Art. V, Sec. 27, entitled, “Sheriff” has no residency requirement, nor has Art. V, Sec. 28, entitled, “Clerks of Court”.
The Court has examined the verbatim transcripts, Vol. IX, August 24,1973, at 65, 943-949, cited in defendant’s brief and finds no support for the non-residency requirement for coroners.
In the case of Harrison v. Delise, 440 So.2d 160 (1983), the Court of Appeals, First Circuit, adopting the Reasons for Judgment of the trial judge, stated,
“[4] The Constitution adopted by the people of this state has admittedly changed the law concerning the residence and/or domiciliary requirements of elected officials. The law seeks to discourage and to prohibit absentee representation. We now require those elected officials representing certain geographic areas to be actually domiciled in the area they serve.”
This Court agrees with this statement and strongly believes that absentee representation in the office of Coroner, has no basis in law.
Gonzales, Louisiana, this 5th day of August, 1987.
(s) A.J. KLING, JR., Judge, Div. “D” 23rd Judicial District Court