587 So.2d 712 (1991)
Michael D. O'BRIEN
v.
Lloyd F. GIARDINA.
No. 91-CA-731.
Court of Appeal of Louisiana, Fifth Circuit.
September 20, 1991.
G. Patrick Hand, Jr., Daniel J. Markey, Jr., Patrick C. McGinity, Gretna, for plaintiff/appellant.
Bruce A. North, Raymond A. Osborn, Jr., Gretna, for defendant/appellee.
KLIEBERT, C.J., GAUDIN, GRISBAUM, DUFRESNE, WICKER and GOTHARD, JJ. and FINK, J. Pro Tem.
PER CURIAM.
This is a lawsuit by Michael D. O'Brien challenging the qualifications of Lloyd F. Giardina to run for the position of member of the Jefferson Parish Council, District 2, in the election scheduled for October 19, 1991. Specifically, O'Brien alleges Giardina is ineligible because he does not live within the boundaries of District 2. The district court rendered judgment dismissing the suit and O'Brien has appealed.
The trial court stated the case succinctly in its reasons for judgment, portions of which we hereby adopt:

FINDINGS OF FACT
Plaintiff is an elector in Council District Number 2. Defendant resided at 155 Linda Court, Gretna, since 1980. Defendant's residence is in the old Council District 1 and the new Council District 1. Since 1988 defendant has been a Councilman-at-Large in District 1 and 2.
There was a suit filed in federal court by certain plaintiffs seeking a change in the councilmanic districts of Jefferson Parish. A consent judgment was arrived at in this federal suit and produced Jefferson Parish Resolution Number 69112 on May 8th, 1991.
The former four-councilmen-district system with seven total councilmen was replaced by a six-district system with *713 seven total councilmen. Qualification for these seven positions was held on September 3rd, 4th and 5th, 1991. Defendant qualified for councilman of the new District 2.
La. Const. Art. 3, Section 4(A) requires that a candidate for membership in the state legislature must have been "actually domiciled for the preceding year in the legislative district from which he seeks election." Section 4(B), however, makes special provision for elections following reapportionment of legislative districts:
However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding. [Emphasis added.]
La.R.S. 33:1225 states, "Members of police juries shall possess the same qualifications at the time of their election as members of the house of representatives * * *." Pursuant to this statute, the "election following reapportionment" exception to the domicile requirement has been held applicable to candidates seeking election to police juriesToldson v. Fair, 374 So.2d 759 (La.App. 2 Cir.1979), writ denied 375 So.2d 1182and also to candidates for election to parish councilsNicholson v. Grisaffe, 438 So.2d 550 (La.1983).
O'Brien argues, however, that Giardina cannot take advantage of the "election following reapportionment" exception. O'Brien contends the changes in the Jefferson Parish Council brought about by Resolution 69112 were not the result of "reapportionment" but instead amounted to "redistricting." Specifically, he asserts that Giardina's former position of council member for combined Districts 1 and 2 no longer exists; the parish council now consists of six single-member districts and one at large district, while previously it consisted of four single-member districts, two combined districts (1-and-2; 3-and-4), and one at-large district.
The trial court addressed this argument as follows:

CONCLUSIONS OF LAW
Cases and laws should be liberally construed because candidacy is favored. The main question before me was: Did Jefferson Parish Resolution 69112 eliminate the position of Councilman-at-Large, District 1 and 2, or was it changed by reapportionment?
One word that's used interchangeably in the case law and in the pleadings is the word "district." It's used as District 1, 2, 3, 4, 5 and 6 and also it's used in the cases and pleadings [as] meaning an area in which a person can run.
I have construed the word to mean "this area" and not the specific district numbered 1 through 6.

Black's Law Dictionary defines reapportionment as "a realignment or change in legislative districts brought about by changes in population and mandated by the constitutional requirement of equality of representation."
Jefferson Parish Resolution 69112 utilizes this wording, which is very similar to the definition of reapportionment. It utilizes the wording of a redistricting plan, which revises the court-ordered plan to reflect changes in population according to the 1990 census, as per the attached map, et cetera.
Therefore, the Court concludes that the position of Councilman-at-Large, Districts 1 and 2, was changed by reapportionment and not simply eliminated in the absence of reapportionment.
* * * * * *

*714 The Court concludes that the defendant was a resident of Councilman-at-large District 1 and 2, the prior district, for more than one year before qualifications; that defendant was a resident of Louisiana more than two years before qualification; that this is the next regular election following reapportionment; that the new District 2 was created in part from the old Councilman-at-Large District 1 and 2, which existed prior to reapportionment.
Therefore, the defendant is qualified under the cases and law as a candidate for Councilman, District 2, in the elections of October 19th, 1991, and the suit of plaintiff is dismissed with prejudice and at plaintiff's cost.
As the trial judge stated, the law favors a liberal construction of election statutes so as to encourage participation in the election process. Harrison v. Delise, 440 So.2d 160 (La.App. 1 Cir.1983). We conclude that La. Const. Art. 3, Section 4(B), regarding elections following reapportionment, is applicable to this case. Accordingly, we find no error in the district court's ruling.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against the plaintiff-appellant.
AFFIRMED.
BOWES, J., recused.