liPER CURIAM.
This is an election contest proceeding wherein Melva Cavanaugh, candidate for the office of Justice of the Peace in Ward 3, Precinct 3, East Baton Rouge Parish challenges the eligibility of several of the named defendants.
Named as defendants were Gary Charles Mooney, Steven P. Herman, Tama G. Luther, Walter “Fox” McKeithen, Secretary of State, for the State of Louisiana and Jerry M. Fowler, Commissioner of Elections for the State of Louisiana. The Secretary of State, for the State of Louisiana and the Commissioner of Elections for the State of Louisiana were later voluntarily dismissed.
The trial of this matter took place on July 23, 1996, in Baton Rouge, Louisiana before the Honorable J. Michael McDonald. The trial court rendered judgment in favor of defendants and against plaintiff finding the term “qualified elector” in LSA-R.S. 13:2582 did not preclude the challenged candidates from seeking the office of Justice of the Peace. It is from that ruling plaintiff appeals.
LSA-R.S. 13:2582 sets out the qualifications for justice of the peace, as well as, the time for election, term of office and ineligible persons. LSA-R.S. 13:2582 provides in pertinent part:
A Each justice of the peace shall be of good moral character, a qualified elector, and able to read and write the English language correctly. Each shall possess such other qualifications as are provided by law.
Black’s Law Dictionary defines “Elector” as:
A duly qualified voter; one who has a vote in the choice of any officer; a constituent. One who elects or has the right of choice, or who has the right to vote for any functionary, or for the adoption of any measure. In a narrower sense, one who has the general right to vote, and the right to vote for public officers.
Thus, qualified elector means that the candidate must be an actual resident of this state, and the parish, municipality, and precinct in which he offers to register to vote. LSA-R.S. 18:101(A). The candidates’ status as qualified elector does not bind them to reside in a particular precinct for purposes of eligibility as a candidate to validly hold the office of justice of the peace.
The language of the statute is clear. A candidate seeking the office of justice of the peace is not required to be a resident of, domiciled in, or an elector for the ward and district he seeks to serve. See Gonzales v. Fraiche, 513 So.2d 301 (La.App. 1st Cir.), writ granted, 510 So.2d 1258 (La.1987), wherein the Supreme Court found no ^constitutional or statutory provisions setting forth residence or registration requirements for the office of coroner and dismissed plaintiffs suit.
Thus, because LSA-R.S. 13:2582 is the latest expression of the legislative will on the specific requirements necessary to qualify to run for the office of justice of the peace and is controlling, we affirm the judgment of the district court.
For the foregoing reasons, the judgment of the district court in favor of the defendants and against plaintiff is affirmed. Plaintiff is cast for the cost of this appeal.
AFFIRMED.
FOGG, J., dissents and assigns reasons.