| t GASKINS, J.
This is an appeal from a challenge by Samuel Thomas to the residence qualifications of Billy James for city councilman in District 4, Ward 00, Precinct 17, in Tallu-lah, Louisiana. The trial court rejected the challenge; we affirm.
FACTS
On August 27, 2002, Samuel Thomas, a resident of District 4, Ward 00, Precinct 17, in the City of Tallulah, filed a petition naming Billy James and Carolyn Caldwell as defendants. James was alleged to be a resident of District 3, Ward 00, Precinct 21, in the City of Tallulah, while Carolyn Caldwell is the Clerk of Court for Madison Parish. Thomas alleged that James was currently the city councilman for District 4 and had served in that district for four years. However, as a result of a reapportionment plan that had been approved by the Justice Department in March 2002, and which James had moved as a councilman to adopt, James’ residence now was located outside of District 4. Accordingly, Thomas alleged:
9.
Defendant, Billy James, failed to qualify for the primary election in a manner prescribed by law according to LSA-R.S. 18:m(l) and (3).
10.
Defendant, Billy James, is not eligible to vote in District # 4 since his residence is located in District # 3.
Thomas concluded his petition with a prayer that Billy James be disqualified on the grounds that he is not a resident or voter of District 4.
James did not file an answer to the petition, and under Louisiana law was not required to answer the petition. La. R.S. 18:1406(C). The matter | awas set for hearing on August 30, 2002. At the beginning of the proceeding, certain stipulations were made. Counsel for James stipulated that based on the new reapportionment plan, James’ residence had changed from District 4 to District 3. James had served as the current councilman for District 4 for four years and, as shown by City Council minutes from December 2001, had voted along with the other council members present to adopt and implement the reapportionment plan.[1]
*550 Before any testimony was heard, Thomas put into evidence the minutes of the City Council meeting in which the reapportionment plan was adopted, as well as James’ voter registration card. Also introduced into evidence were maps showing both the old plan and the new reapportionment plan.
The first witness called was Robert Waxman who performed the demography work for the City of Tallulah. During his testimony, a letter was introduced into evidence showing that the U.S. Department of Justice had precleared the reapportionment plan. Waxman also pointed out James’ residence on the old plan, indicating the residence was located in District 4. He also pointed out that on the new reapportionment plan map James’ residence was in District 3. Following Waxman’s testimony, Thomas rested his case.
After hearing arguments from the parties, the court gave oral reasons for its decision. Essentially, the judge noted that generally one must be a resident of an election district at the time of qualification to run for office. [¡¡However, the court stated there was an exception in La. Const. Art. 3, Section 4 with respect to elections following reapportionment of legislative districts, and the question was whether that exception applied by analogy to other offices. After reviewing Louisiana jurisprudence, as well as opinions by the Louisiana Attorney General’s Office, the court concluded the exception should apply to James. Accordingly, the court concluded James could run for office. However, it also noted that James would be required to become a qualified voter and resident of the “new” District 4 before assuming office; otherwise, a vacancy would occur.
The court prepared written reasons for judgment. A written judgment was signed, dismissing plaintiffs petition and stating that plaintiff had failed to prove that defendant was not qualified to run for Tallulah City Council, District 4. Thomas then filed a timely appeal. The parties waived oral argument and the case was deemed submitted.
DISCUSSION
A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote. La. R.S. 18:491. Pursuant to La. R.S. 18:492(A), an action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law.
(2) The defendant failed to qualify for the primary election within the time prescribed by law.
(3) The defendant does not meet the qualifications for the office he seeks in the primary election.
L(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.
The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy; any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Russell v. Goldsby, 2000-2595 (La.9/22/00), 780 So.2d 1048.
La. Const. Art. 3, Section 4(A) requires that a candidate seeking membership in the state legislature must have been “actually domiciled for the preceding year in the legislative district from which he seeks election.” However, Section 4(B) *551 makes special provisions for elections following reapportionment of legislative districts:
However, at the next regular election for members of the legislature following legislative reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in that prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification. The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
As correctly noted by the trial court, this exception has been applied to candidates seeking legislative positions on bodies such as police juries and parish councils. See Toldson v. Fair, 374 So.2d 759 (La.App. 2d Cir.1979), writ denied, 375 So.2d 1182 (La.1979); Nicholson v. Grisaffe, 438 So.2d 550 (La.1983); O’Brien v. Giardina, 587 So.2d 712 (La.App. 5th Cir. 1991).[2]
Like the trial court, we find that the “election following reapportionment” exception is applicable to the instant matter. Reapportionment affects the legislative branch of government at all levels; this exception “expresses the people’s concern over the problem” by affording some protection to legislators. Nicholson, supra. In his brief, Thomas puts forth no persuasive reasoning why the exception would not apply; in fact, he completely ignores this provision. Since James was domiciled in the “old” District 4 prior to reapportionment and the “new” District 4 was partially created from the “old” District 4, he is qualified to run for the “new” District 4 seat on the Tallulah City Council.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is affirmed at appellant’s costs.
AFFIRMED.

. However, counsel for James stated that approximately two to three weeks before the court proceeding, the City Council had rescinded its approval of the plan.

. We note that several opinions by the Louisiana Attorney General reached similar conclusions. See Op. No. 92-297, dealing with the East Baton Rouge City-Parish Metro Council, and No. 92-490, addressing the Alexandria City Council.