Dear Mr. Davis:
Your request for an Attorney General's opinion has been assigned to me for research and reply. You have several questions regarding your parish charter as follows:
 1. Can an incumbent Councilman run for re-election in another District that he previously was not a resident within one (1) year from the date of qualifying?
 2. Can an individual who resided within a specific District during the 2000 boundaries now qualify run in the new District that has exorcized that person. In other words, if John Doe lived in District #A in 2000, and still resides in the same house in 2003, but the boundaries of District #A are re-drawn and do not include his home/property:
 a. Can this person qualify from his current home (in the old District) in 2003 and run for a seat in the new District #A, or
 b. Can this person qualify, run and be elected from his current home site in the old District and then move into the new area within one year, or
c. Must this person move into the new District before qualifying, or
 d. What are the time constraints of moving vis-à-vis the St. Tammany Parish charter vis-à-vis the U.S. Department of Justice letter dated March 2003 which is with six (6) months of the projected 2003 election
 3. Can an individual, who is not otherwise an incumbent Councilman, qualify and be seated in a District within which he has not resided for one (1) year, but otherwise may move into such District, upon election, within one (1) year?
Your letter states that the U.S. Justice Department preclearance and related notices as to the boundaries and precincts for the reapportioned council districts in St. Tammany Parish were not issued until six (6) months before the qualifying which takes place on August 27, 2003. Your letter further states that the St. Tammany Parish Charter requires that a person be a resident of a particular area for one (1) year before qualifying for councilman, as follows:
Section 2-01. Composition, Qualifications and Election.
* * *
 B. A council member shall be at least eighteen (18) years of age and a qualified elector of the district from which elected at the time of qualification.
 C. A council member shall have been legally domiciled and shall have actually resided for at least one (1) year immediately preceding the time established by law for qualifying for office in an area which, at the time of qualification, is within the district from which elected.
 D. A council member shall continue to be legally domiciled and to actually reside within the district from which elected during the term of office. Should the legal domicile and/or actual residence of a council member change from the district from which elected, unless changed by reapportionment, the office shall automatically become vacant, which vacancy shall be filled as set out hereinafter.
As your letter pointed out, we reviewed a similar matter in Attorney General Opinion No. 92-490. In that opinion we relied on several cases*
in extending the provision of Article 3, Section 4(B) of the 1974 Louisiana Constitution to local offices, such as councilmen and police jury districts. In Toldson v. Fair, 374 So.2d 759, 760 (La.App. 2 Cir. 1979) the court found that "the purpose of this section [Art. 3, § 4(B)] is to alleviate the inherent prejudice to an elector whose district has been divided or reconstructed into several new districts in which he could not meet the usual requirements of one year's domicile." In accordance with this constitutional article, we opined in 92-490 that a person may qualify to run in a new reapportioned district, even if they do not presently live in the new district, as long as the new district was created in whole or in part from the old district where they are domiciled, provided they were domiciled in the old district for the required length of time prior to qualifying for the office. Additionally, we opined that if the person is elected to office in the new district, they must move their domicile to the new district prior to being sworn into office or the seat will be declared vacant.
Thus, we respond to your questions as follows:
 1. An incumbent councilman may run for re-election in another district that he previously was not a resident in for one year prior to qualifying provided the other district was created in whole or in part from the district existing prior to reapportionment where the incumbent councilman is domiciled and provided the incumbent councilman shall have been legally domiciled and shall have actually resided for at least one year prior to qualifying in that district existing prior to reapportionment that was used in whole or in part to create the new district.
 2. a) yes, this person in your example may qualify from his current home (in the old district) in 2003 and run for a seat in the new district #A, provided the new district #A was created in whole or in part from the old district.
 b) no, if this person is elected to office in the new district, he must move into the new district before being sworn into office.
 c) no, this person does not have to move into the new district before qualifying.
 d) as stated herein, if this person in your example wins the office in the new district, he must move into the new district before being sworn into office or his office will be declared vacant for failure to meet the qualifications of office, which are that a council member in St. Tammany Parish must continue to be legally domiciled and to actually reside within the district from which elected during the term of office.
 3. Yes, any individual may qualify and be seated in a district within which he has not resided for one year prior to qualifying, provided the new district that he is qualifying in was created in whole or in part from the old district where he is domiciled, and if he is elected, he must move into the new district before being sworn into office.
Trusting that this opinion addresses all of your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: May 22, 2003
 ANGIE ROGERS LAPLACE Assistant Attorney General
* Pendleton v. Jackson, 256 So.2d 494 (La.App. 2 Cir. 1972);Toldson v. Fair, 374 So.2d 759 (La.App. 2 Cir. 1979).